

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

November 25, 1959

*See 1969 amendment to art 7146 VC∆.*

Hon. Burney Walker
District Attorney
Waco, Texas

Dear Sir:

Opinion No. WW-742

Re: Whether a house trailer owned
by a non-resident serviceman
can be considered real prop-
erty and thus subject to tax-
ation if said house trailer
is situated on a plot of land
owned by the non-resident
serviceman.

By letter dated September 17, 1959, you state:

"I have briefed the following proposition and
wish to inquire if your department is in agreement.

"The proposition is:  'Whether a house trailer
owned by a non-resident serviceman can be consid-
ered real property and thus subject to taxation if
said house trailer is situated on a plot of land
owned by the non-resident serviceman, who does not
intend that the house trailer should become a per-
manent part of the land, but merely temporary
residence during his period of duty in the State
of Texas.'

"It seems that a house trailer is inherently
an item of personal property and thus the following
authorities would appear to be relevant:

"a.  The Soldiers and Sailors' Relief
Act, 50 USA / sic; should be U.S.C.A. 7 573,
states that 'For the purposes of taxation in
respect of the personal property. . . of any
such person (a serviceman) by any state . . .
of which such person is not a resident or in
which he is not domiciled . . . personal
property shall not be deemed to be located or
present in or have a situs for taxation in
such state .  . .'

"b.  In Dameron v. Broadhead, 345 U.S.
322 (1953), the Supreme Court held that the
use of the word 'deemed' in the above-cited
act did not create a rebuttable presumption
such as would permit taxation by the state
of the serviceman's temporary residence in
some cases.

"c.   In addition, the Courts of the State
of Texas, in construing Article 7146 of the
Texas Civil Code relating to the taxation of
real property, have stated that the test for
determining whether property connected with
realty is personal or real property depends
upon whether there has been a real or con-
structive annexation of the property to real-
ty, whether it is fit for or adaptable to uses
or purposes of realty, and, preeminently,
whether the party making the annexation in-
tended the property to become a permanent annex-
ation to the freehold.  Maro Co. v. State, 168
S.W. 2d 510 (Tex.Civ.App.)

"It would be greatly appreciated if we could
have your department's opinion in this connection
at your earliest convenience."

Your entire letter is reproduced since it contains
the authorities pertinent to solution of the question posed.
We are in agreement with your conclusion.  Under the facts
presented, the trailer remains personalty and is not taxable
in Texas.

In Attorney General's Opinion No. WW-691, a simi-
lar question was presented.  The Opinion concluded that the
question of whether property is real or personal for the
purpose of taxation is determined by the general principles
of the law of fixtures.  As you have correctly pointed out,
the criteria controlling the determination are as follows:

(1)  There must be a real or constructive annexa-
tion of the Article in question to the realty.

(2)  The Article must be adapted to uses or pur-
poses of the realty to which it is connected.

(3)  The party making the annexation must intend
that the improvement become a permanent accession to the
freehold.

Under the present fact situation, it is apparent
that requisites (1) and (2) are met, but that the party
making the annexation does not intend that the trailer
become a permanent accession to the freehold.  Consequently,
the house trailer remains personalty and, in view of the
portion of the Soldiers and Sailors Relief Act quoted above,
is not taxable within the State.

## SUMMARY

A house trailer owned by a non-resident serviceman situated on a plot of land owned by said serviceman cannot be considered realty where the serviceman does not intend that it become a permanent accession to the property, but merely intends that it be a temporary residence during his period of duty in the State of Texas.

Very truly yours,

WILL WILSON
Attorney General

By ~~Jack N. Price~~
Jack N. Price
Assistant

JNP:bct

APPROVED:

OPINION COMMITTEE:
W. V. Geppert, Chairman

C. Dean Davis
Marietta McGregor Payne
Robert G. Scofield

APPROVED FOR THE ATTORNEY GENERAL

By:  Leonard Passmore